UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BI RONG LI, <br><br>                 Plaintiff, <br><br>     v. <br><br> ERIC H. HOLDER, JR., United States Attorney General, et al., <br><br>                 Defendants. | CASE NO. C11-150-RSM <br><br> ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff's motion for summary judgment (Dkt. No. 16) and Defendants' opposition to motion for summary judgment and cross-motion to dismiss or, in the alternative, for summary judgment (Dkt. No. 17). For the reasons set forth below, Plaintiff's motion is DENIED and Defendants' cross-motion is GRANTED.

## II. DISCUSSION

**A. Facts**

Plaintiff's complaint alleges that she was "brought to the U.S. under false pretenses,

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 1

subjected to sexual intercourse at the will of her so called fiancé, and isolated and constructively imprisoned during her stay with her fiancé." Dkt. No. 1, p. 2. She claims that "[i]n essence, she had been a 'sex slave' for nearly three months, while in the U.S." *Id.* Plaintiff's motion for summary judgment elaborates, stating that in 2001, when she was 23 years old, Plaintiff entered the United States with a K-1 non-immigrant fiancé visa under the petition of Yong Cheng, her fiancé. Dkt. No. 16, p. 3. She was taken to her fiancé's home in New York City, where he lived with his parents. *Id.* Her fiancé treated her nicely but did not take her anywhere. *Id.* at 4. Plaintiff had sex with her fiancé in the mornings and evenings. *Id.* During the day, Plaintiff remained at home, as she did not speak English, did not have money, and did not know where she was. *Id.* Plaintiff was concerned about her immigration status and, less than three months after she arrived, finally asked her fiancé about his plans for marriage. To her surprise, Plaintiff's fiancé responded that he no longer loved her and no longer welcomed her into his home. *Id.* He told her to leave, which she did a few days later. *Id.* at 5.

Plaintiff subsequently flew to Seattle, Washington and moved in with her brother in Everett, Washington and later Renton, Washington. *Id.* In May, 2007, Immigration and Customs (ICE) agents came to her brother's residence looking for other individuals and encountered Plaintiff, who no longer had legal status in the United States. *Id.* Plaintiff was arrested and detained in Tacoma, Washington. *Id.*

After being released on bond, Plaintiff, through her attorney, applied for a "U" visa, which is a nonimmigrant classification for qualifying victims of certain criminal activities. *See* Victims of Trafficking and Violence Protection Act ("VTVPA") of 2000, Pub. L. 106-386, 114 Stat. 1464 (2000); 8 U.S.C. § 1101(15)(U)(i)(III). The United States Citizenship and Immigration Services (USCIS) denied Plaintiff's application on May 20, 2010 because of

Plaintiff's failure to file Supplement B of Form I-918, Nonimmigrant Status Certification, certifying that Plaintiff "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of certain criminal activity.  Dkt. No. 16, p. 5.  Plaintiff admits she did not provide the certification.  *See* Dkt. No. 1.

Plaintiff appealed the USCIS denial to the Administrative Appeals Office (AAO) of the Department of Justice. The AAO upheld the denial on December 27, 2010 on the same basis: that Petitioner had failed to submit Supplement B, Form I-918.  This civil action followed.  Plaintiff argues, in essence, that the requirement that Plaintiff provide the Supplement B, Form I-918 certification is contrary to the Congressional intent in enacting VTVPA and therefore the USCIS abused its discretion in denying Plaintiff's application on this basis.

**B.  Jurisdiction**

This is a civil action in which Plaintiff seeks judicial review of the denial by USCIS of Plaintiff's application for a "U" Visa.  This Court has jurisdiction pursuant to Section 10b of the Administrative Procedure Act, 5 U.S.C. § 702 ("APA").The APA provides in pertinent part:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

5 U.S.C. § 706(2); *Singh v. Clinton*, 618 F.3 1085, 1088 (9th Cir. 2010).

**C.  Standard of Review**

Plaintiff seeks a summary judgment ruling holding unlawful and setting aside the USCID's denial of Plaintiff's application on the basis of the missing Supplement B, Form I-918

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 3

1  certification. Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil

2  Procedure 12(b)(6) for failing to state a claim upon which relief can be granted.  In the

3  alternative, it seeks a summary judgment that the denial of the U Visa was lawful.

4  Summary judgment is appropriate where "the movant shows that there is no genuine

5  issue as to any material fact and that the movant is entitled to judgment as a matter of law."

6  FRCP 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).   In ruling on summary

7  judgment, a court does not weigh evidence to determine the truth of the matter, but "only

8  determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549

9  (9th Cir. 1994) (*citing O'Melveny & Meyers*, 969 F.2d at 747).  Material facts are those which

10  might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

11  The Court must draw all reasonable inferences in favor of the non-moving party. *See*

12  *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), rev'd on other grounds, 512

13  U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential

14  element of her case with respect to which she has the burden of proof" to survive summary

15  judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Further, "[t]he mere existence of

16  a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

17  evidence on which the jury could reasonably find for the plaintiff." *Id.*

18  In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the

19  plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face."

20  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

21  U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled "factual content that

22  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

23  alleged." *Id.* (citing *Twombly,* 550 U.S. 556).  In making this assessment, the Court accepts all

24

facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

**D.  Analysis**

The parties agree that to qualify as a "U" nonimmigrant, an alien must meet six statutory requirements:

1. The alien must have suffered substantial physical or mental abuse as a result of having been a victim of certain criminal activity. 8 U.S.C. § 1101(15)(U)(i)(I);

2. The criminal activity must involve, *inter alia,* rape, trafficking, domestic violence, sexual assault, abusive sexual contact, prostitution, sexual exploitation, being held hostage, or involuntary servitude. 8 U.S.C. § 1101(15)(U)(iii)

3. The alien must possess "information concerning criminal activity." 8 U.S.C. § 1101(15)(U)(i)(II).

4. It must be the case that the alien has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, prosecutor, judge or to an agency of the U.S. Department of Homeland Security, investigating or prosecuting the criminal activity. 8 U.S.C. § 1101(15)(U)(I)(III).

5. The criminal activity must have taken place in the United States or its territories or possessions. And,

6. A petition for a U Visa must contain a certification of a Federal, State or local law enforcement official, prosecutor, judge or other federal state or local authority

1 investigating criminal activity of the type listed in paragraph 2, above, that the
2 alien "has been helpful, is being helpful, or is likely to be helpful" in the
3 investigation or prosecution of such criminal activity. 8 U.S.C. § 1184(p)(1).

4 Plaintiff argues that she has met all but the last ("certification") requirement. With
5 respect to the certification requirement, Plaintiff argues that the requirement contradicts the
6 Congressional intent in enacting the VTVPA. Defendant argues that Plaintiff has not only failed
7 to meet the certification requirement, but has also failed to meet any of the remaining five
8 requirements, as she has not adequately alleged that any criminal activity has taken place, nor did
9 she ever report a crime. Defendant also rejects the notion that the certification requirement
10 contravenes congressional intent.

11 The Court need not reach the question of whether Plaintiff has adequately alleged that
12 criminal activity took place. Plaintiff admits that she did not provide the required certification,
13 but she argues that the certification should not be required. She urges the Court to consider
14 legislative history surrounding the enactment of VTVPA and find that the certification
15 requirement is contrary to the Congress's intent in enacting the law. This argument is
16 fundamentally flawed: the certification requirement itself was enacted by Congress. 8 U.S.C. §
17 1184(p)(1). In fact, it was included in the Victims of Trafficking and Violence Protection Act of
18 2000. *See Pub.L. 106-386, § 1513(c)* ("Section 214 of such Act (8 U.S.C. 1184) …is amended
19 by adding at the end the following new subsection: '(o) REQUIREMENTS APPLICABLE TO
20 SECTION 101(a)(15)(U) VISAS…The petition filed by an alien under section 101(a)(15)(U)(i)
21 *shall contain a certification* from a Federal, State, or local law enforcement official, prosecutor,
22 judge, or other Federal, State, or local authority investigating criminal activity described in
23 section 101(a)(15)(U)(iii).'"). Since Congress enacted the law that contains the certification
24

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 6

requirement, the requirement cannot be said to contravene Congressional intent.  Moreover, the plain language of 8 U.S.C. § 1184(p)(1) requires the certification:

> The petition filed by an alien under section 1101(a)(15)(U)(i) of this title *shall* contain a certification from a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating criminal activity described in section 1101(a)(15)(U)(iii) of this title. This certification may also be provided by an official of the Service whose ability to provide such certification is not limited to information concerning immigration violations. This certification *shall state* that the alien "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of criminal activity described in section 1101(a)(15)(U)(iii) of this title.

(emphasis added).  There is no plausible reading of this section that permits a petition for a U Visa without providing the certification. *See also In re Catapult Entertainment, Inc.*, 165 F.3d 747, 754 (9th Cir. 1999) ("Policy arguments cannot displace the plain language of the statute.").

Plaintiff admits that she "has not been able to secure the requisite certification from a federal, state or local law enforcement official, judge or other federal, state or local authority because she did not file a criminal complaint of her ordeal." Dkt. No. 20, p. 4.  However, she argues that she is "likely to be helpful" in an investigation, thus satisfying the requirement in § 1184(p)(1).  The Court disagrees.  Again, the plain language of the statute requires a *certification*, not a factual determination regarding the likelihood of future helpfulness.   Plaintiff did not provide a certification.  The statute requires it and does not contravene Congressional intent.  Accordingly, the USCID did not abuse its discretion in denying Plaintiff's visa application.

There being no genuine issues for trial, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment, determining that as a matter of law, a certification by a qualifying official that the alien "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of certain criminal activity

must be submitted with any application for a U visa. 8 U.S.C. § 1184(p)(1). Moreover, the certification requirement does not contravene Congress's intent in enacting the VTVPA as the requirement is part and parcel of the VTVPA. *See* Pub. L. 106-386, § 1513(c). Plaintiff did not provide the certification. Accordingly, the USCID did not abuse its discretion in denying Plaintiff's application on this basis.

### III. CONCLUSION

Having reviewed the parties' motions, the responses thereto, all attached exhibits and declarations, and the remainder of the record, and for the reasons set forth above, the Court hereby finds and orders:

(1) Plaintiff's motion for summary judgment is DENIED.

(2) Defendants' motion for summary judgment is GRANTED.

(3) The Clerk is directed to forward a copy of this order to all counsel of record.

Dated January 24, 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE